Mr. David Mosesso, Publisher Jonesboro Sun Box 1249 Jonesboro, AR 72403
Dear Mr. Mosesso:
You have requested an Attorney General's opinion concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that two students at Arkansas State University made unsolicited sexual harassment complaints to the University about an instructor/program director at the University. The University began an investigation. The instructor/program director resigned before the investigation was concluded. Your newspaper submitted a FOIA request to the University for "complaints and other documents pertaining to the university's investigation" of the instructor/program director. The University denied the request in its entirety, relying upon the exemption for employee evaluation/job performance records. A.C.A. §25-19-105(c)(1).[1]
You further indicate that your primary concern is with the propriety of the University's decision to withhold the student's complaints.
Your specific questions are:
 (1) Are students' unsolicited complaints about alleged sexual harassment by an instructor and program director at a state university a personnel record under the FOIA?
 (2) If the students made their unsolicited complaints orally, and then they were put in writing at ASU's request, does that fact change your FOIA analysis about the nature of the record of the initial complaints?
 (3) Would the release of the students' unsolicited complaints to the public constitute a clearly unwarranted invasion of the instructor's personal privacy when balanced against the public's interest in having access to the records?
 (4) If those documents are public information, should ASU redact the names of the complaining parties before releasing the complaints?
I am directed by law to issue an opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion, for the reasons set forth in response to the following questions, that if the facts and circumstances of the case indicate that the student's complaints were indeed unsolicited, the custodian's decision not to release these complaints was not consistent with the FOIA.
Question 1 — Are students' unsolicited complaints about alleged sexualharassment by an instructor and program director at a state university apersonnel record under the FOIA?
It is my opinion that unsolicited complaints of this nature do constitute "personnel records," as opposed to "employee evaluation/job performance records," within the meaning of the FOIA.
The classification is significant, because the standard for releasing personnel records differs from the standard for releasing employee evaluation/job performance records. The standard for releasing employee evaluation/job performance records is stated in Footnote 1. Whereas employee evaluation/job performance records may not be released if the employee was not suspended or terminated, personnel records, under the FOIA, must be released unless their release would constitute a "clearly unwarranted invasion of personal privacy" (of the employee). A.C.A. §25-19-105(b)(12).
The FOIA does not define the term "personnel records," as used in the Act. This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. Nos. 2000-059; 99-244; 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
I have consistently taken the position that documents that are complaints about employees and that are unsolicited by the employer constitute personnel records, rather than employee evaluation/job performance records. See, e.g., Ops. Att'y Gen. Nos. 2001-028; 2000-058; 2000-231. This classification is in contrast to the classification of documents that are generated by an employer as a part of an investigation into the conduct of an employee, which I have held to constitute employee evaluation/job performance records. I have consistently opined that an unsolicited complaint about an employee does not constitute an "employee evaluation/job performance record" and therefore is not entitled to the exemption that is sometimes available for such records. See A.C.A. §25-19-105(c)(1); Ops. Att'y Gen. Nos. 2000-175; 2000-166; 99-026.Accord, Op. Att'y Gen. No. 96-033. Rather, an unsolicited complaint document is a personnel record, and its releasability must be evaluated under the standard for the release of personnel records. Op. Att'y Gen. No. 98-001(finding unsolicited complaint of sexual harassment to be personnel record). Accord, Op. Att'y Gen. No. 2000-058.
Question 2 — If the students made their unsolicited complaints orally,and then they were put in writing at ASU's request, does that fact changeyour FOIA analysis about the nature of the record of the initialcomplaints?
It is my opinion that the answer to this question will depend upon the factual circumstances under which the University requested that the complaints be placed in writing. More specifically, the answer will depend upon whether the University requested that the complaints be placed in writing simply as a routine administrative act, or as a result of a decision to conduct an investigation into the alleged conduct of the employee. If the request was made routinely, rather than as a result of a decision to investigate the allegations, it is my opinion that the complaint documents were unsolicited. Under those circumstances, the request that they be placed in writing would not change my analysis.
The question of the purpose for which the University requested that the complaints be placed in writing is entirely a question of fact that I am neither equipped nor authorized to determine. Nevertheless, I will discuss the legal analysis that will be pertinent to the issue you have raised.
As previously noted, this office has consistently taken the position that records generated by third parties at the behest of an employer as a part of an investigation of an employee's conduct constitute employee evaluation/job performance records. Records created by third parties that were not generated as a part of an investigation do not constitute employee evaluation/job performance records. Thus, even though a record may have been created at the behest of an employer, it will not necessarily constitute an employee evaluation/job performance record if the employer did not request that the record be created as a result of a decision to investigate or evaluate the employee. Moreover, the fact that a document may later be used in the course of an investigation does not transform it from a personnel record into an employee evaluation/job performance record. See Op. Att'y Gen. No. 96-257A.
I reiterate that the question of whether a document was generated as a result of a decision to investigate is a question of fact. The facts of some circumstances may indicate that an employer who has entertained an oral complaint subsequently decides to investigate the conduct complained of, and as a result of his decision to investigate, asks that the complaint be placed in writing. These facts, in my opinion, constitute a clear circumstance under which the written complaint document should be deemed an employee evaluation/job performance record. See, e.g., Op. Att'y Gen. No. 2000-231. But if the facts indicate that an employer requests that an unsolicited oral complaint be placed in writing as a routine administrative act, and not as a result of a decision to investigate the particular complaint, the complaint document that is generated cannot be said to have been created as a result of a decision to investigate or evaluate the employee. Such a document, in my opinion, constitutes a personnel record. Accord, Ops. Att'y Gen. Nos. 96-342; 96-257; 96-168; 96-033.
For these reasons, I conclude that when an employer asks that an unsolicited complaint be placed in writing for administrative record-keeping purposes only, and not as a result of a decision to investigate the particular complaint, the document that is created constitutes a personnel record, just like any other unsolicited complaint about an employee that is presented to the employer in writing.
Question 3 — Would the release of the students' unsolicited complaints tothe public constitute a clearly unwarranted invasion of the instructor'spersonal privacy when balanced against the public's interest in havingaccess to the records?
I must note that because I have not been provided with the opportunity to review the records in question, I cannot opine definitively regarding the effect of their release. The question of whether the release of a particular document would constitute a clearly unwarranted invasion of personal privacy is a question of fact that will turn on the circumstances of each individual case. Op. Att'y Gen. No. 2000-231. Nevertheless, I will discuss the legal principles upon the basis of which this issue must be determined.
As indicated previously, under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of the personal privacy" of the subject of the records. A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
This office has consistently opined that the public has a compelling interest in allegations of sexual harassment engaged in by a public employee. See, e.g., Ops. Att'y Gen. Nos. 1999-361; 94-119; 93-356; 89-073. These analyses were conducted under the "compelling public interest" standard for employee evaluation/job performance records. Because the "compelling public interest" standard is more difficult to establish than is the public interest that is necessary to outweigh a privacy interest, I conclude that if the facts are sufficient to establish a compelling public interest, they will tend to establish a public interest that outweighs any privacy interest. Again, because I have not reviewed the records under consideration in your case, I cannot opine definitively as to the results of the balancing test.
I recognize that if the complaints are unfounded and some of the documents that are not subject to release would reflect this fact, the result of holding the complaint documents subject to disclosure, while not disclosing the exonerating documents may seem to be an unfair. In this regard, however, I note that this result can be tempered by the fact that the employee has access to the exonerating documents, see A.C.A. §25-19-105(c)(2), and is free to release them to the public. See Op. Att'y Gen. No. 96-257.
I must note several final matters regarding any record that is released: All such records should be reviewed to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the record prior to its release. For example, if the record contains social security numbers, they should be redacted. See, e.g.,
Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See,e.g., Op. Att'y Gen. No. 99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-054. Finally, you have not indicated whether any law enforcement agency is investigating the matters that gave rise to the complaints in question. If the requested records have been made a part of an investigation being conducted by a law enforcement agency, and if that investigation is ongoing, the records are exempt from disclosure under A.C.A. § 25-19-105(b)(6). This is so even if the records remain in the hands of the University. For a discussion of this issue, see Op. Att'y Gen. No. 98-127. The question of whether this exemption applies is largely a question of fact.
Question 4 — If those documents are public information, should ASU redactthe names of the complaining parties before releasing the complaints?
It is my opinion that ASU should redact the names of the complaining students before releasing the complaints, unless the students (or their parents, if the students are under the age of 18) give their consent to release the complaints without redacting their names.
This question implicates the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), as well as a new language that has recently been added to the Arkansas FOIA.
FERPA generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student (or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student."20 U.S.C. § 1232g(a)(4)(A). Although the FERPA does contain some exceptions from its confidentiality requirements, the complaint documents that you have described do not fall within any of the exceptions.
The students' names should also be redacted under a new language that has been added to the Arkansas FOIA. Act 1653 of 2001 added the following language to the FOIA:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
Accordingly, I conclude that under the provisions of both FERPA and FOIA, the students' names should be redacted before these complaints are released, unless the University has obtained the appropriate consent.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Under the FOIA, employee evaluation/job performance records cannot be released unless the following three conditions are met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1). Therefore, employee evaluation/job performance records cannot be released if the employee has not been suspended or terminated.